IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JERRY SIERRA,

      Plaintiff,

v.          No. CIV 05-369 WD/LFG[1]

INTEL CORPORATION,

      Defendant.

## MEMORANDUM OPINION AND ORDER

### Introduction

THIS MATTER is before the Court on Plaintiff Jerry Sierra's ("Sierra's") Fed. R. Civ. P. 56(f) Affidavit, filed on April 25, 2005 [Doc. No. 8], that seeks permission to engage in discovery relative to Defendant Intel Corporation's ("Intel's") previously filed Motion for Summary Judgment [Doc. Nos. 2, 3]. This lawsuit concerns Sierra's state law claims that Intel allegedly breached implied and express employment contracts. [Doc. No. 1.]

### Procedural Background

On January 2, 2004, Sierra filed a similar lawsuit against Intel, asserting both national origin discrimination and the same breach of express/implied employment contract claims that are alleged in this case. No. CIV 04-01 MV/WDS ("Sierra I"). Indeed, the allegations supporting the contract claims in both complaints are virtually identical. Discovery was conducted in Sierra I, after which Intel filed a motion for summary judgment as to all claims, including the employment contract claims.

---

[1] On April 12, 2005, this case was reassigned to District Judge William F. Downes and referred to Chief Magistrate Judge Lorenzo F. Garcia. Accordingly, the caption should be corrected to read 05cv369 WD/LFG.

1

In Sierra I, Chief District Court Judge Martha Vazquez granted Intel's request to dismiss the federal national original claims, but declined to exercise supplemental jurisdiction over the remaining state law contract claims, which were dismissed without prejudice. [Doc. No. 30.]

This led to the filing of Sierra II. In February 2005, Sierra filed the above-captioned lawsuit in state court, asserting the same claims of breach of express and implied employment contracts. On April 1, 2005, Intel removed Sierra II to federal court based on diversity jurisdiction. [Doc. No. 1, Notice of Removal, State Complaint for Damages attached.] On April 8, 2005, Intel filed an early Motion for Summary Judgment (relying on discovery conducted in Sierra I), to which there has not yet been a response. [Doc. Nos. 2, 3.] Sierra filed a Rule 56(f) Affidavit arguing that he must conduct discovery before being able to respond to the pending Motion for Summary Judgment. The Rule 16 Scheduling Conference is not set until May 24, 2005, and typically discovery is not permitted before the Rule 26(f) meet and confer is held, "except by agreement of all parties or by Court order." LR-Civ 26.4(a); Fed. R. Civ. P. 26(d), Advisory Committee Notes to 2000 Amendments.

**Analysis**

Rule 56 provides for the filing of an affidavit supporting the need for discovery, in the event that the non-movant demonstrate it is unable to respond, without additional discovery, to a dispositive motion. More specifically, Rule 56(f) states:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f).  The filing of a Rule 56(f) affidavit does not ensure that discovery will be permitted.  Sierra's burden in obtaining discovery through a Rule 56(f) affidavit is to specifically demonstrate what discovery is necessary and how that discovery will assist him in overcoming Defendant's *prima facie* showing of entitlement to judgment.  *See* Ben Ezra, Weinstein & Co. v. Am. Online Inc., 206 F.3d 980, 987 (10th Cir.) (holding that, under Rule 56(f), nonmoving party seeking additional discovery must demonstrate precisely how additional discovery will lead to a genuine issue of material fact), *cert. denied*, 531 U.S. 824 (2000).

> A party who opposes a motion for summary judgment by seeking additional discovery under 56(f) . . . has no absolute right to additional time for discovery . . . .  The nonmoving party must show how postponement of a ruling on the motion will enable him to rebut the motion for summary judgment.

Allen v. CSX Transp. Inc., 325 F.3d 768, 775 (6th Cir. 2003) (internal citations omitted).

On the other hand, when a summary judgment motion is filed so early in the litigation that a party does not have a realistic opportunity to pursue discovery relating to its theory of the case, trial courts should grant a Rule 56(f) motion for continuance fairly freely.  Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of the Fort Peck Reservation, 323 F.3d 767, 773 (9th Cir. 2003). *But see* Hebert v. Wicklund, 744 F.2d 218, 222 (1st Cir. 1984) ("Although a district court should generally apply Rule 56(f) liberally, the court need not employ the rule to spare litigants from their own lack of diligence.")

Here, Intel filed an early motion for summary judgment before any discovery has been conducted in Sierra II.  Plaintiff's Rule 56(f) affidavit is fairly specific in setting out what discovery he seeks.  For example, the affidavit states that the central issues in Sierra II relate to Sierra's work performance and that Sierra needs to take the depositions of his supervisors, Mark Schaeffer, Richard

3

Hans and Tracy Harris regarding their evaluation of Sierra's work. The affidavit also indicates that these depositions are necessary to determine what policies and procedures were used to redeploy Sierra, why Sierra was selected for redeployment, what positions were open and available to Sierra, why he did not qualify for certain redeployment positions, and what representations were made to Sierra by Schaeffer and Hans. The affidavit also states that Sierra should be able to develop facts relevant to the "binding nature of [Intel's] redeployment policies and whether Intel followed through on its promises with other employees pursuant to these policies."

At first glance, it might appear that Sierra's Rule 56(f) affidavit is sufficient to warrant limited discovery, including the depositions he seeks to take. However, when viewed in terms of Sierra I, the Court determines that it will not grant the request for discovery under the circumstances of this case.

In Sierra I, Plaintiff set out the very same employment contract claims. Discovery was completed in that case. The three individuals whom Sierra now seeks to depose were listed as witnesses in Sierra I. Indeed, it appears that Tracy Harris (or Tracy Harrison) was listed in Sierra's Initial Disclosures in the earlier case. Sierra asked for and received an extension in Sierra I to extend discovery deadlines because of counsel's busy litigation schedule. Yet, based on a review of the summary judgment pleadings in that case, it does not appear that Sierra took a single deposition.[2]

In order to survive Intel's motion for summary judgment with respect to the contract claims in Sierra I, Plaintiff was required to set forth "specific facts showing that there [was] a genuine issue for trial." It simply defies logic that Plaintiff would have elected not to take the three managers'

---

[2]The Court found no citations to any depositions in the Sierra I summary judgment pleadings, except for that of Plaintiff's.

4

depositions in that case, and yet argue that they must be taken in this case before Sierra can respond to Intel's motion.

Moreover, it is clear that issues regarding alleged employment contracts, as well as Sierra's work performance, were discovered in Sierra I, including Intel's employment policies or guidelines, Sierra's performance evaluations, Intel's Redeployment Policy, Intel's transfer process guidelines, and statements signed by Sierra regarding at-will employment at Intel. In addition, Sierra testified in his deposition (Sierra I) that no managers made any representations to him that altered his at-will employment status. Thus, it seems even more likely that the managers whom Sierra now seeks to depose do not have specific information that will support his claims (especially when he must have decided they had no such information in Sierra I to warrant their depositions being taken).

Finally, a review of Judge Vazquez's opinion in Sierra I confirms that contract issues were explored in that case, along with Sierra's work performance and his performance appraisals, notwithstanding the Court's decision to decline supplemental jurisdiction over the state law claims. In view of the discovery that was pursued in Sierra I as to these same claims, the Court concludes Sierra fails to demonstrate precisely how additional discovery will lead to a genuine issue of material fact in Sierra II. *See* Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc., 52 F.3d 901, 905 (10th Cir. 1995) ("purpose of affidavit is to ensure that the nonmoving party is invoking the protections of Rule 56(f) in good faith and to afford the trial court the showing necessary to assess the merits of a party's opposition"). Accordingly, Sierra's motion for discovery or for a continuance, based on his

Rule 56(f) Affidavit, is denied, and no discovery is permitted before Sierra must respond to the pending Motion for Summary Judgment.[3]

Although the Court finds that Sierra failed to make a sufficient case for discovery, the Court will permit Sierra an additional fifteen days after entry of this Order to submit his response to Intel's motion for summary judgment. Thus, while the response would have been due on April 25, 2005, it now must be filed with the Court no later than May 12, 2005.

IT IS THEREFORE ORDERED that Plaintiff's Rule 56(f) Affidavit in Support of Discovery [Doc. No. 8] is DENIED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge

---

[3] At the Rule 16 Scheduling Conference, the Court will discuss with counsel whether discovery should be stayed in this matter pending resolution of the Motion for Summary Judgment by the District Court Judge.