IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| JERRY SIERRA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV 05-369 WFD/LFG |
| ) | |
| INTEL CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

**Introduction**

THIS MATTER is before the Court on Defendant Intel Corporation's ("Intel's") Motion for Summary Judgment, filed April 8, 2005 [Doc. No. 2]. Plaintiff Jerry Sierra ("Sierra") did not file a response. Instead, Sierra's attorney filed a Rule 56(f) affidavit requesting that he be allowed time to conduct discovery before responding to the motion for summary judgment. In a Memorandum Opinion and Order entered April 27, 2005, the Magistrate Judge denied Sierra's request for discovery for the reasons stated therein. [Doc. No. 9.] In so doing, the Magistrate Judge set a new deadline of May 12, 2005, by which Sierra was required to submit his response to the motion for summary judgment. That deadline has since passed, and Sierra failed to file any response to the pending motion. Thus, the motion is fully briefed and ready for resolution.

**Discussion**

The District of New Mexico's local rules provide that a party's failure to file and serve a

response in opposition to a motion constitutes consent to grant the motion. D.N.M. LR-Civ 7.1(b). Here, Sierra failed to file a response in opposition to the motion for summary judgment and did not request or obtain an extension of time in which to file a response. Thus, procedural grounds support granting Intel's motion for summary judgment.

Notwithstanding the Court's local rules, the Tenth Circuit Court of Appeals explained that summary judgment should not be granted solely on grounds of a party's failure to respond to a dispositive motion. Reed v. Bennett, 312 F.3d 1190, 1194 (10th Cir. 2002). In other words, the nonmovant's burden to respond arises only where the summary judgment motion is properly "supported." Id.

> [S]ummary judgment is 'appropriate' under Rule 56(e) only when the moving party has met its initial burden of production under Rule 56(c). If the evidence produced in support of the summary judgment motion does not meet this burden, ' summary judgment must be denied, *even if no opposing evidentiary matter is presented.*

Id. (emphasis in original) (internal citation omitted). Thus, this Court must first decide whether Intel met its initial burden of demonstrating that no material issues of fact remain for trial. Id.

Here, as shown in the initial motion, attachments and Intel's reply brief, there is no evidence to support Sierra's contention that an implied or express contract of employment existed or arose between Sierra and his employer, Intel. Moreover, Intel supplied uncontroverted evidence that it met the terms and conditions of its Redeployment Program guidelines with respect to Sierra's employment. Therefore, under pertinent New Mexico law and the undisputed evidence presented

-2-

by Intel, the Court concludes that Intel met its initial burden of production under Rule 56(c) and that summary judgment is proper on the state law contract claims. Accordingly, Intel's motion for summary judgment will be granted.

IT IS THEREFORE ORDERED that Intel Corporation's Motion for Summary Judgment [Doc. No. 2] is GRANTED and Sierra's Complaint for Damages from Breaches of Express and Implied Employment Contracts [Doc. No. 1, attachment] is DISMISSED, with prejudice.

DATED this 9th day of June, 2005.

_____
United States District Judge